LEVY DAVIS & MAHER, LLP
Jonathan A. Bernstein (JB 4053)
Attorneys for Plaintiffs
880 Third Avenue
New York, New York 10022
(212) 371-0033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PAMELA GRACE, Individually, On Behalf :
of All Others Similarly Situated and as Class :
Representative, : 06 Civ.
 :
Plaintiff, : **COMPRAINT AND**
 : **DEMAND FOR JURY TRIAL**
- against - :
 :
HARLEM CHILDREN'S ZONE, INC., :
 :
Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff Pamela Grace, individually, on behalf of all others similarly situated, and as class representative, by her attorneys, Levy Davis & Maher, LLP, complains of defendant, Harlem Children's Zone, Inc. (hereinafter "HCZ"), as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff complains on behalf of herself and other current and former employees of defendant who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216(b) ("FLSA"), that she is owed back wages from defendants for overtime work for which she did not receive any overtime premium pay pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

2. Plaintiff also complains on behalf of herself and other current and former

employees of defendants, that she is owed wages and overtime premium pay under the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq. and the New York Labor Law §§ 191 and 193.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and 28 U.S.C. § 1367(a), in that the state and federal claims arise from a common nucleus of operative fact such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. The venue of this action is proper because the decisions not to pay plaintiff overtime premium pay and regular wages were made at defendant's offices, which offices are located within the Southern District of New York.

## PARTIES

5. At all relevant times, defendant Harlem Children's Zone was and is in the business of operating charter schools, pre-schools other centers for children and families. Upon information and belief, defendant Harlem Children's Zone is a domestic not for profit corporation organized under the laws of the State of New York. It has its principal place of business at 35 East 125th Street in the City, County and State of New York.

6. HCZ was, at all relevant times, and is, in an industry affecting commerce within the meaning of 29 U.S.C. § 203(b).

7. Grace is a natural person, currently residing in the City, County and State of New

York.  Ms. Grace was employed by defendant as a teacher and/or tutor until the termination of her employment in February 2006.

8. Plaintiff brings this action on behalf of herself and all others similarly situated, pursuant to 29 U.S.C. § 216(b).  Persons similarly situated are those who are and/or were employed by defendants at any time between February 23, 2003 and the present (the "Collective Action Period") within the meaning of 29 U.S.C. § 203(e)(1).

### ALLEGATIONS RELATED TO THE COLLECTIVE ACTION

9. Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 8 of this Complaint as though the same were fully set forth herein.

10. The named plaintiff brings this action on behalf of herself and all others similarly situated, pursuant to 29 U.S.C. § 216(b).  Persons similarly situated are those who are and/or were employed by defendant at any time between February 23, 2003 and the present (the "Collective Action Period").

### CLASS ALLEGATIONS

11. Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 10 of this Complaint as though the same were fully set forth herein.

12. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

13. The named plaintiff brings this case on behalf of all persons employed by

defendant who were not paid wages for hours worked, and/or premium pay for all hours worked in excess of forty per workweek and/or the time value of wages and salaries unlawfully withheld by defendant at any time from February 23, 2000 to the present (the "Class Period").

14. The employees in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of defendant, upon information and belief, there are approximately 500 members of the Class. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members. The claims of the representative party are typical of the claims of the Class. The representative party will fairly and adequately protect the interests of the Class. Defendant acted and refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

15. There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including:

a. whether defendant failed and/or refused to pay the plaintiffs premium pay for hours worked in excess of forty per workweek within the meaning of the FLSA, and whether that failure and/or refusal was willful;

b. whether defendant failed and/or refused to pay the plaintiffs premium pay for hours

worked in excess of forty per workweek within the meaning of the New York Labor Law, and whether that failure and/or refusal was willful;

    c. whether defendant failed and/or refused to timely pay plaintiffs for services performed during the initial six weeks of each plaintiff's employment by defendant, in violation of the New York Labor Law, and whether that failure and/or refusal was willful;

    d.  whether the members of the class are entitled to affirmative relief; and

    e. whether the members of the class are entitled to liquidated damages under the FLSA.

## FACTS COMMON TO ALL CAUSES OF ACTION

16. Plaintiff was engaged in commerce within the meaning of 29 U.S.C. § 203(b), in that plaintiff worked for defendants as a teacher and/or tutor.

17. Defendant did not compensate plaintiff and her similarly situated coworkers on a salary basis.

18. Plaintiff and her similarly situated co-workers regularly work and/or worked in excess of 40 hours in the workweek.  However, plaintiff and her co-workers were and/or are not paid overtime premium pay for all work hours in excess of 40 hours in the workweek.

19. At all relevant times, defendant maintained a policy of withholding the wages and salaries of its employees until the employee's completion of six weeks in defendant's employ.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

20. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 19 of this Complaint.

21.     Plaintiff and her similarly situated co-workers frequently work, and worked, over forty hours in a workweek.

22.     Although plaintiff and her similarly situated co-workers work, and worked, over forty hours in a workweek, they were not paid overtime premium pay for all of the hours worked in excess of forty hours in a workweek.

23.     Plaintiff and her similarly situated co-workers are entitled to one and one-half of their regular rates of pay for all hours worked in excess of forty hours in a workweek under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq.

### AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

24.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 18 of this Complaint.

25.     The failure of defendants to properly compensate plaintiff and her similarly situated co-workers for overtime work as required by the Fair Labor Standards Act was willful.

### AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

26.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 25 of this Complaint.

27.     Plaintiff and the members of the class have not been paid overtime premium pay for all compensable work hours under the New York Minimum Wage Act, as amended, N.Y. Labor Law §§ 650 et seq. and N.Y. Labor Law §§ 190 et seq.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION

28. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 27 of this Complaint.

29. Defendant's failure and refusal to pay wages and salaries to its employees until such time as they completed six weeks in defendant's employ violates N.Y. Labor Law § 190, which requires timely payment of wages.

30. Alternatively, application of the policy described hereinabove violates N.Y. Labor Law § 193, which prohibits deduction from wages save for certain specified reasons, no one of which is applicable to plaintiff and the members of the class.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

1. Directing defendant to pay overtime premium pay to plaintiff, such persons as may opt in to this action and members of the class;

2. Directing defendant to pay liquidated damages under the FLSA to plaintiff and such persons as may opt in to this action;

3. Directing defendant to pay interest, representing the time value of wages and salaries wrongfully withheld, to plaintiff and members of the class;

4. Directing defendant to pay pre-judgment interest;

5. Granting a permanent injunction enjoining defendant and its owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating the rights of the plaintiff, members of the class and such persons as may opt in to this action as secured by the FLSA and the New York Labor Law;

      6. Awarding plaintiff the costs of this action together with reasonable attorneys' fees; and

      7. Granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       February 18, 2006

      Levy Davis & Maher, LLP

      By:\_\_\_\_/s/_____

      Jonathan A. Bernstein (JB 4053)
      Attorneys for Plaintiff
      880 Third Avenue
      New York, New York 10022
      Tel: (212) 371-0033